IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.   3:25-MJ-133 (ML) |
| | ) | |
| v. | ) | Stipulation and Order |
| | ) | for Enlargement of Time |
| **JERRY N. BUTLER, III,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## STIPULATION

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, and the defendant, Jerry N. Butler, III, by and through counsel, John B. Casey, hereby agree and stipulate that the time within which an indictment must be filed under Title 18, United States Code, Section 3161(b), be enlarged to and including sixty (60) days from the date of the signing of this Order and that such time be excluded, pursuant to Title 18, United States Code, Section 3161(h)(7)(A), from the computation of the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b).

1) The chronology of this case is as follows:

    a) Date of complaint:  May 1, 2025

    b) Date of initial appearance:  May 2, 2025

    c) Defendant custody status: Detained

    d) Date United States moved for detention:  May 2, 2025

    e) Date of detention hearing:  Waived

    f) Date detention decision issued:  May 5, 2025

g)	Earlier enlargements of time and exclusions under the Speedy Trial Act: Orders excluding time from May 23, 2025 through February 5, 2026.

2)	The United States and the defendant request this exclusion because new counsel appeared in this matter on December 29, 2025. *See* Dkt. 31. The government has since reproduced discovery, and the parties are in the process of discussing a contraband evidence review. Additionally, the parties are engaged in preliminary discussions concerning a preindictment resolution. Defense counsel has advised that he wishes to provide the government certain information for its consideration prior to indictment, and he needs to prepare and present that material. Government counsel will then need time to review and consider it and thereafter to engage with defense counsel concerning a resolution.

3)	The parties stipulate and agree that the ends of justice served by granting this extension outweigh the best interest of the public and the defendant in a speedy indictment and trial to ensure the parties have adequate time for effective preparation. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

4)	The parties stipulate and agree that a period of sixty (60) days, from the date of the signing of this Order, shall be excludable under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(iv).

The undersigned attorneys affirm under penalty of perjury the accuracy of the facts set forth above and apply for and consent to the proposed order set forth below.

Dated: January 30, 2026

/s/
TODD BLANCHE
Deputy Attorney General

JOHN A. SARCONE III
Acting United States Attorney

/s Michael D. Gadarian

By: _____

Michael D. Gadarian
Assistant United States Attorney
Bar Roll No. 517198

John B. Casey   1/23/26
John B. Casey, Esq.
Attorney for Jerry N. Butler, III
Bar Roll No. 508187

3

**ORDER**

A.      The Court adopts the stipulated facts set out above as findings and hereby incorporates them into this Order;

B.      The Court has considered its obligation under 18 U.S.C. § 3161(h)(7)(A) to determine whether an extension of time within which the government must file an information or indictment serves the ends of justice in a manner that outweighs both the public interest and the defendant's rights.  The Court finds that, pursuant to 18 U.S.C. § 3161(h)(7)(A), the ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendant in a speedy indictment and trial for the reasons stipulated by the parties, including that new counsel appeared at the end of December 2025, and he needs adequate time to review the discovery (including contraband) and to prepare mitigation information for the government's consideration prior to indictment. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

BASED ON THE  STIPULATED FACTS AND THE COURT'S RELATED FINDINGS, IT IS HEREBY ORDERED that the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b), be enlarged to and including sixty (60) days from the date of this Order, and that time be excluded pursuant to Title 18, United States Code, Section 3161(h)(7)(A), from the computation of the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b), because the ends of justice served by granting this continuance outweigh the best interest of the public and the defendant in a speedy trial for the reasons stipulated above.

IT IS SO ORDERED.

Dated and entered this   30th   day of January, 2026.   *Miroslav Lovric*

                                                                                   Hon. Miroslav Lovric
                                                                                   U.S. Magistrate Judge